TYLER, J.
The main question presented by the pleadings in this cause is not free from difficulty. It has been very fully discussed, and the written argument of the counsel for the appellee presents an elaborate review, with great frankness, of all the authorities bearing on the question. I regret that, on the eve of the adjournment of the court, my time is so limited as not to have afforded an opportunity to collate all the authorities referred to, with a view to reconcile an apparent conflict. The investigation, however, which I have made, has satisfied me that the chief difficulty in the case has arisen from the fact, that the practice and proceedings in England, in reference to the execution and return of process by the sheriff, are unlike our own.
The question in the case is: can proceedings be had against bail, upon their recognizance, before a ca. sa. sued out against the principal and returned non est inven-tus? The counsel for the appellant insists, that the ca. sa. must be returned non est inventus before - proceedings "can be commenced against the bail by scire facias or otherwise; while the counsel for the appellee contends, that it is only necessary to sue out a ca. sa. returnable to a certain day, and when the return day has come, or come and gone without the principal being taken or surrendered, that the bail is fixed without an actual return of the writ, and that it suffices if it is returned and filed at any time before the plaintiff has occasion to vouch the record; that is, at any time before the plaintiff has to file his replication to the plea of no ca. sa. against the principal. And the counsel for the ap-pellee, in his written argument, at page 11, *609 after reviewing the authorities in support •of the proposition contended for by the appellant, says: “And from a review of them all, it is apparent, that in not one was there any occasion to determine that a ca. sa. must be actually returned before the emanation of a sci. fa., in the sense now contended for by the counsel for the pltff. in error; or, in other words, it was not judicially determined in any of them that a ca. sa. must be so returned, if by actual return be meant that it is delivered by the sheriff with his endorsement of non est inventus upon it, either to the custos brevium, or to any other person; and I think it is very clear that no decision to that effect can be found in England.” But, still, it by no means follows, that because the English decisions have not gone» to that extent, that it is not decided that a ca. sa. must be returned non est inventus before a scire facias can emanate against the bail. It seems to me that the apparent conflict in the authorities may be reconciled by the fact, that in England the return of non est inventus to a ca. sa. is made in a public book in the sheriff’s office, and in which book the bail and all other persons may search ; and that before a scire facias can emanate against the bail, the ca. sa. must be returned non est in-ventus, by an entry to that effect in this public book, where the bail may search and see for himself; and that when such entry is made the ca. sa. is then returned in the sense spoken of by the elementary writers ; which '*entry fixes the bail; and that the return of the writ itself, with the sheriff’s endorsement thereon corresponding with the entr3r in the public book in the sheriff’s office, to the custos brevium, is mere matter of form, and not necessary to fix the bail; and that it is only necessary that this return to the custos brev-ium, and the filing of the writ, should be had before the bail are called on to plead ; for if not done then, the bail ma3r plead nul tiel record — the writ not being esteemed a record until it is returned to the custos brevium and filed. Petersdorff, p. 199, under the head of proceedings preparatory to suing bail, says: “The writ (that is, the ca. sa.), on being left at the office (that is, the sheriff’s office), should be entered in the public book.” And inTidd’s Practice, page 1148, it is said, that “two books are kept in the sheriff’s office, wherein entries are made of writs of ca. sa. against principals ; one a public book for such writs to be returned non est inventus, and in which book the bail and all other persons may search.” And this, it seems to me, solves the difficulty and explains the seeming inconsistency of dicta and decisions. This being true, it is the return of non est in-ventus, entered in the public book of the sheriff to the ca. sa., which ca. sa. is also entered there, which fixes the bail, and not the return of the writ itself to the custos brevium to be filed, which, when done, constitutes it a record. Eor the same author adds, “that in order to charge the bail, the writ must lie four days in the sheriff’s office, which must be the last four days before the return.” And Petersdorff, page 199, says: “After the expiration of these four days the plaintiff should obtain a return of non est inventus, which the sheriff is justified in making, notwithstanding he may know where the principal is to be found.” It is manifest, then, to my mind, that, according to the practice and proceeding in England, an entry or return of non est inventus is made by the sheriff in his book, as is the sheriff’s return in this country made by the clerk in the execution book; and in England, after this entry of *non est inventus is made by the sheriff, it is his duty to return the writ itself, with the endorsement of non est inventus, to the custos brevium to be filed; and in England, in order to fix the bail, the writ must be entered in this public book four days before the return. When, therefore, it is said by Tidd, and Williams, and Petersdorff, to which may be added innumerable dicta of judges, to the effect that before proceedings can be had against the bail in the action upon their recognizance a capias ad satisfaciendum must be sued out against the principal and returned non est inventus, we have onl3r to refer this declaration of this legal principle to the return to be made by the sheriff in his public book, which is open to inspection to all, and we at once reconcile what, without it, would be irrconcilable.
Keeping this in view, the authorities cited by the appellee’s counsel, in his written argument, for and against the proposition contended for by the appellant, harmonise and become intelligible. At page 9, for example, of the written argument, it is said: “Prom these decisions, with some afterwards to be cited, we get a pretty distinct criterion for determining by authority the time at which bail becomes fixed, the substance of the decisions alluded to being accurately represented in the following extract from a good writer.” That extract is as follows: “The death of 'the principal at any stage of the proceedings before the return of the ca. sa. against principal, discharges the bail; for they are in strictness fixed by the return of non est inventus.” And then it is added, “if the defendant dies after the ca. sa. is returnable, though while the writ remains unre-turned in the sheriff’s office, the court will not relieve them.” Here isa palpable contradiction in terms, on the supposition that there is but one return spoken of in reference to the writ, and that the one which is to be made by the sheriff of the writ itself to the custos brevium to be filed, but perfectly intelligible as explained by Mr. Tidd; that is to say, if we are to understand that the sheriff makes the return to the process of ca. sa. of non *est inventus in his public book, and a return of the process itself afterwards to the custos brevium to be filed. In this extract it is said, the bail is discharged by the death of the principal before the return of the writ, and it is the return of non est in-ventus that fixes the bail; and in the next clause it is said, if the defendant die before *610 the writ is returned, the court will not relieve them; which is a contradiction in terms. It is obvious, however, that the author meant, that the death of the principal at any stage of the proceedings before the return of the ca. sa. entered in the sheriff’s public book to the writ, discharged the bail; but,' as they are in strictness fixed by the entry of this return of non est in-ventus in the sheriff’s book, if the defendant dies after this entry, though the ca. sa. is returnable to the custos brevium, and though the same may not be returned to the custos brevium, but is remaining in the sheriff’s office, the court will not relieve them. The handing over the writ itself by the sheriff to the custos brevium, with the corresponding endorsement, to be filed and made a record, is mere matter of form, in which the bail can have but little interest.
Bet us, then, take the next case cited by the appellee’s counsel in support of his proposition. That is the case of Boyland v. Crook, 1 Richards’ Prac. B., where it is said, “bail fixed on return of ca. sa. — ■ though not filed, and even if returnable and in office, though not returned.” Here is another contradiction, without this solution furnished by Tidd. Unexplained, it is a declaration that bail is not fixed until return of ca. sa., and jret fixed, though ca. sa. not returned. The meaning, however, is obvious, which is, that the bail is fixed by the entry of the return of non est inven-tus in the sheriff’s public book, though the writ itself is still in the sheriff’s office returnable to the custos brevium, and not actually returned to him. So of the case of Eield v. Bodge, cited by appellee’s counsel to the same point, where it is said, the defendant died after ca. sa. was returnable, but before it was actually returned and filed, *and the court held that the filing of the return was mere form— and so says Mr. Tidd ; but this, no doubt, was after the entry of non est inventus in the public book of the sheriff. And so of the case of Rawlinson v. Gunsten, 6 Durnf. & East. Then comes the case of Redman v. Idles’ ex’x, &c., which is said to be a decision in point for the appellee, but which will be found, manifestly, to have been decided because of the pleadings, and does not settle any principle at all. That was a scire facias on a recognizance of bail. The defendant pleaded in bar that no writ of ca. sa. issued against the principal before the emanation of the scire facias. Replication, that before the emanation of the scire facias, the plaintiff prosecuted a ca. sa. against the defendant in the original action, and that it was returned non est in-ventus. The defendant rejoined, that the writ of ca. sa. in the replication specified was de facto delivered to the sheriff after the return day, and after the emanation of the sci. fa., with an absque hoc, &c., to which rejoinder the plaintiff demurred, and judgment was given for the plaintiff. And rightly; because the rejoinder was a palpable departure in pleading. The defendant deserted in his rejoinder the ground he took in his plea, and resorted to another ground,, which is Mr. Stephens’ definition of a departure in pleading. A departure in pleading, says that author, page 416, “cannot take place until a replication, but it occurs more frequently in a rejoinder. As in debt on a bond to perform an award, the defendant pleaded, no award. Replication, that there was an award, and tendered in proper time. Rejoinder, that the award was not tendered in proper time. Demurrer to rejoinder, and judgment for plaintiff. ” So that this case does not decide anything except a question of pleading.
It is said, in commenting on this case in the written argument, that Comyns introduces it thus: “The bail may plead no ca. sa. against the principal, secundum cursum curias; but, if a ca. sa. issued, it is well, though it was not delivered to the sheriff before the scire facias ^'emanated and that is all true in the state of the pleadings in that case; because the defendant having pleaded that no capias ad satisfaciendum issued at all, and the plaintiff having replied that one issued and was returned, the issue to be raised was as to whether the capias issued or not, and the travers of the time of delivery of the ca. sa. was not material, as is said in 2 levinz, cited by appellee’s counsel, in his written argument; and, therefore, if in the state of the pleadings as properly made up, the plaintiff had proved the issuing of the ca. sa. it was well, though not delivered to the sheriff. The return, then, of non est in-ventus, which is uniformly said to be necessary to fix the bail, must be the return, to be made by the sheriff to the court in the public book kept in his office, and this is doubtless the return which Petersdorff says the plaintiff should obtain at the expiration of four days; and at page 72 Saunders’ Reports, Sergeant Williams in note says: “The recognizance is forfeited upon the return of non est inventus to the ca. sa., and the plaintiff may proceed against the bail. If, then, there is no forfeiture of the recognizance until a return of non est inventus, the plaintiff’s cause of action has not accrued until the return, and the action is prematurely brought before the return.” In this country we have no sheriff’s office or public books. The writ of ca. sa. is issued by the clerk of the court, entered in his execution book and delivered to the sheriff; and I am not prepared to say, nor is it material in this case to determine, whether if the sheriff actually makes his endorsement of ‘ ‘non est inventus” on the writ before the emanation of the scire facias, that such endorsement so made would not be such a return as would fix the bail, or whether the writ so endorsed must be delivered to the clerk to constitute a return to fix the bail. Because in this case, the defendant in the court below, by his plea, alleged that no return of non est inventus had been made to the ca. sa. before the emanation of the scire facias; and to this plea the plaintiff replied that a ca. sa. issued on the *28th of January, 1848, before the emanation of the scire facias, and was returned on *611 the 14th of February, 1848, being- the return day, with a conclusion that “this the plaintiff is ready to verify by the record.” To this there was a rejoinder of the same matter as contained in the plea, and a demurrer thereto, and judgment for the plaintiff. The question as to the truth of a sheriff’s return, is a question of fact to be tried by a jurjT. The return is prima facie evidence of its truth, and throws the onus on the party impeaching the return, but it does not conclude third parties. The de-fence pleaded by the defendant was, that there was no return of non est inventus made to the ca. sa. before the emanation of the scire facias. This was a question of fact to be tried by a jury. But the plaintiff replied and did not conclude his replication with a tender of issue or verification, but vouched the record so as to raise an issue of nul tiel record, to be tried by the court. In this, I think, the plaintiff committed the first fault in pleading, and the defendant not pleading, no such record, and not demurring to the plaintiff’s replication, rejoined the matter contained in his plea to which the plaintiff demurred. I think the plea contained a sufficient defence to the plaintiff’s action, and that the plaintiff ought to have replied, and had the matter of the plea tried by a jury instead of concluding his replication so as to have the question tried by the court; because if there is no forfeiture of the recognizance until a return of non est inventus to a ca. sa., and the defendant is not concluded by the sheriff’s return, the defence was well pleaded, and the demurrer to the rejoinder admits necessarily that no return was made to ca. sa. before the emanation of the writ of scire facias. It is, in truth, a general demurrer with specific objections to the form of the rejoinder. But I can see no objection to the form of the rejoinder, and the matter of fact being sufficiently pleaded, the demurrer is taken as admitting that the facts alleged are true. The plaintiff had a right to sur-rejoin or demur, and in adopting the latter alternative, K'he admits he has no ground for denial; and, in addition to this, I think the plaintiff committed the first fault by vouching the record so as to raise an issue to be tried by the court, when the question as to whether the sheriff’s return was true or not, or whether it was made at one term or another, was a question of fact to be tried by a jury. I am, therefore, for reversing the judgment and entering such judgment here on the demurrer as the court below ought to have entered.